```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**GARY L. CUNNINGHAM,**

                                  **Petitioner,**

           **v.**                                              CASE NO.09-3024-SAC

**SAM CLINE, et al.,**

                                  **Respondents.**

### MEMORANDUM AND ORDER

Petitioner proceeds pro se on a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Having reviewed the record and the state court records provided by respondents, the court denies the petition.

*Background*

Petitioner was convicted in Geary County District Court of one count each of possession of cocaine with intent to sell, possession of a controlled substance without a tax stamp, obstruction of official duty, and misdemeanor criminal damage to property. The sentencing court imposed a controlling 73 month prison term.

Petitioner appealed, arguing that he was denied a fair trial by the admission of prior crimes evidence, that he was denied due process when the trial court prohibited defense counsel from commenting on alleged self-defense evidence, and that he was unfairly prejudiced by the admission of testimony on the amount of damages sustained by the victim where the State had violated discovery rules by failing to provide the defense with an estimate

of the damages.  The Kansas Court of Appeals affirmed petitioner's conviction.  *State v. Cunningham*, 2005 WL 15614444 (Kan.App., July 1, 2005)(unpublished), *rev. denied* (Kan.2005).

Petitioner sought postconviction relief in a K.S.A. 60-1507 motion, claiming that he was denied his right to effective assistance of counsel by his defense counsel's failure to cross-examine and object to the admission of journal entries in two cases showing petitioner's convictions on two drug offenses.  Petitioner also claimed a juror with a conflict of interest was improperly seated.  The state district court denied relief, and the Kansas Court of Appeals affirmed that decision.  *Cunningham v. State*, 2007 WL 4578002 (Kan.App.2007), *rev. denied* (Kan.2008).

Petitioner then filed the instant petition, asserting six grounds for relief.

First, petitioner claimed insufficient evidence supported his conviction for possession of cocaine with intent to sell.

Second, petitioner claimed the admission of journal entries showing petitioner's prior convictions on drug offenses denied him a fair trial.

Third, petitioner claimed the state court judge did not bind petitioner over in the preliminary hearing on the charge of criminal damage to property.[1]

Fourth, petitioner claimed the trial court erred in not

---

[1] While petitioner correctly states the state court judge made no finding of probable cause for binding petitioner over on the charge of felony criminal damage to property, the record includes an amended complaint/information charging petitioner with misdemeanor criminal damage to property, the charge on which petitioner was convicted.

2

excusing petitioner's fifth grade teacher as a juror having a conflict of interest.

Fifth, petitioner claimed appellate counsel in petitioner's direct appeal provided ineffective assistance of counsel by failing to challenge the sufficiency of the evidence supporting petitioner's conviction for possession of cocaine with intent to sell.

And sixth, petitioner claimed insufficient evidence supported petitioner's conviction for obstruction of official duty.

Respondents contend in their Answer and Return that federal habeas review of grounds one, three, four, five, and six is barred by petitioner's procedural default in presenting these claims to the state courts. Respondents also maintain petitioner is not entitled to relief on his one remaining ground regarding the state court's admission of evidence of petitioner's prior convictions.

*Procedural Default*

A claim is procedurally defaulted, and thus is unreviewable by a federal habeas court, when the claim has been defaulted in the state court on an independent and adequate state court. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision. For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir.1998)(internal quotation marks and citations omitted). When a claim has been defaulted in state court on independent and adequate state grounds, the federal habeas court will only consider the claim if petitioner can demonstrate "cause and prejudice or a fundamental

miscarriage of justice." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir.1998).

The procedural default doctrine also bars a federal court's review of a state prisoner's federal claim where the prisoner failed to give the state courts a "full and fair" opportunity to resolve that claim--as the exhaustion doctrine requires--and the prisoner cannot cure that failure because state-court remedies are no longer available. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(procedural default doctrine preserves integrity of the exhaustion doctrine).

Ordinarily, the existence of cause for a procedural default depends on whether a petitioner is able to show some objective external factor that impeded his efforts to comply with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). The prejudice prong requires the petitioner to show that he has suffered actual and substantial disadvantage as a result of the default. *See U.S. v. Frady*, 456 U.S. 152, 170 (1982). The prejudice prong is not satisfied if there is strong evidence of petitioner's guilt. *Id*. at 172.

To be excused from procedural default on the basis of the fundamental miscarriage of justice exception, petitioner must supplement his constitutional claim with a colorable showing of factual innocence. *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986); *Brecheen v. Reynolds*, 41 F.3d 1343, 1357 (10th Cir.1994). This exception is "extremely narrow" and "implicated only in an extraordinary case, where a constitutional violation has probably resulted int eh conviction of one who is actually innocent."

4

*Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir.1999)(internal quotation marks and citation omitted).

In the present case, the record fully supports respondents' argument that the procedural default doctrine applies to five of petitioner's six claims because either the state courts refused to consider these claims on state procedural grounds, or petitioner failed to present them to the state appellate courts.[2]

In response, petitioner submitted copies of correspondence from appellate counsel in petitioner's direct appeal, acknowledging that she did not challenge the sufficiency of the evidence supporting petitioner's convictions as proposed by petitioner in his docketing statement,[3] citing her assessment of the state court record as offering no support for any such claim.

These submissions fail to demonstrate any "cause" for

---

[2] Petitioner presented allegations underlying ground two to the state courts, but did so only in the context of a postconviction claim that trial counsel was ineffective in not objecting to petitioner's fifth grade teacher being seated as a juror. The state district court denied relief, finding no deficient performance by trial counsel, or any resulting prejudice to petitioner.

[3] Petitioner provides a copy of the docketing statement listing the following proposed issues to be raised in his appeal:
> "(1) There was insufficient evidence to allow a rational factfinder to conclude that defendant was guilty beyond a reasonable doubt.
> (2) The trial court erred in sustaining the State's Motion pursuant to K.S.A. 60-455 and the introduction of defendant's prior criminal history denied him a fair and impartial jury.
> (3) The trial court erred in allowing the testimony of Officer Nimmo as to the amount of damages.
> (4)The trial court erred in sustaining the state's objection to defense counsel's closing argument with regard to police brutality."

(Doc. 15, pp. 4-5).

petitioner's procedural default. Plaintiff failed to raise an independent claim of ineffective assistance of appellate counsel to the state courts for purposes of establishing "cause" for not raising grounds one and six. *See Murray*, 477 U.S. at 488-89 (alleged ineffective assistance of appellate counsel claim must be presented to the state courts as an independent claim before it may be used to establish "cause" sufficient to excuse a state prisoner's procedural default in raising other claims). Moreover, clear and ample evidence of petitioner's guilt precludes any finding that petitioner suffered any actual prejudice in his criminal proceeding, *Thornburg v. Mullin*, 422 F.3d 1113, 1141 (10th Cir.2005), or that manifest injustice would result if habeas corpus review is denied.

The court thus finds habeas review of all claims but for ground two is barred by petitioner's procedural default in presenting his claims to the state courts.

*Remaining Claim for Habeas Review*

Federal habeas relief is available when the state court's adjudication of a claim on its merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

A state court decision will be "contrary to" clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth in [United States Supreme Court] cases" or "confronts a set of facts that are materially

6

indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Bell v. Cone*, 535 U.S. 685, 694 (2002).  A state court decision will involve an "unreasonable application of" clearly established Supreme Court precedent if it "correctly identifies the governing legal rule [of the Court] but applies it unreasonably to the facts of a particular prisoner's case."  *Williams*, 529 U.S. at 407-08.

Additionally, absent clear and convincing evidence to the contrary, the court must presume the state courts' factual findings are correct.  28 U.S.C. § 2254(e)(1).  *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

In the present case, petitioner complains he was denied a fair trial by the state court's admission of journal entries that showed petitioner's prior drug convictions.  The court liberally construes this claim as alleging the state court's decision to admit this evidence denied petitioner a fair criminal proceeding in violation of the Fourteenth Amendment guarantee of due process.

The Kansas Court of Appeals found no abuse of discretion by the state court's admission, pursuant to K.S.A. 60-455, of two journal entries reflecting petitioner's conviction on two prior drug charges, finding these journal entries were germane to linking petitioner to the nonexclusively possessed drugs at issue in the instant criminal proceeding.

Rulings against petitioner based upon state evidentiary rules are not cognizable in a federal habeas corpus proceeding.  *Estelle v. McGuire*, 502 U.S. 62, 67-28 (1991).  Thus this court does not

consider whether this evidence was admissible under state law, but instead examines whether admission of this evidence "considered in light of the entire record ... resulted in a fundamentally unfair trial." *Knighton v. Mullin*, 293 F.3d 1165 (10th Cir.2002). *See Duvall v. Reynolds*, 139 F.3d 768, 787 (10th Cir.1998)("[W]e will not disturb a state court's admission of evidence of prior crimes, wrongs or acts unless the probative value of such evidence is so greatly outweighed by the prejudice flowing from its admission that the admission denies defendant due process of law."). There is no such showing in this case, either by petitioner or discerned by the court in its review of the record.

Finding the state appellate court's decision regarding the admission of evidence of petitioner's prior crimes was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," and did not result "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(1)-(2), the court denies relief on petitioner's sole remaining claim.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed and all relief is denied.

**IT IS SO ORDERED.**

DATED: This 19th day of October 2011 at Topeka, Kansas.

                                        s/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge